McCORD, Judge.
This appeal is from the Division of Retirement’s (Division) denial of appellant’s request to transfer with full credit time spent in the Florida Teacher Retirement System' (TRS) to the Florida Retirement System (FRS). We affirm.
Appellant was initially employed by the University of Florida in 1957 on a joint appointment with the University and the United States Department of Agriculture, as a cooperative extension employee. At that time, he was required to join and contribute to TRS and to the Federal Civil Service Retirement System (GSRS). In 1961, the Florida Legislature enacted what *502 is now codified as § 238.13(2), which provides that employees covered by CSRS shall not be members of TRS except that those hired before 1961 may elect to remain participants in TRS. Appellant elected to continue to contribute to TRS as well as to CSRS which was still mandatory. In 1970, the Florida Legislature enacted Chapter 121, which established the Florida Retirement System. In 1973, the Legislature enacted § 121.051(7), which provides that personnel participating in CSRS are prohibited from participating in any retirement or social security program or act administered by the state “except those members covered under s. 238.13, as of November 30, 1970.” (Emphasis supplied.)
Appellant paid into CSRS until November 23, 1978, when he was forced to resign because he accepted a non-federal position. On November 28, 1978, he submitted a request to the Division seeking to transfer from TRS to FRS with full credit for time spent as a TRS participant, during which time he was also a CSRS participant. The Division denied the request. In November 1980, appellant petitioned the Division for a declaratory statement as to whether he should be allowed to transfer into FRS with full credit for time served in TRS. In its declaratory statement denying the request, the Division noted that it had been called upon to interpret §§ 121.051(7) and 238.-13(2), Florida Statutes, in In Re Petition of Gene Beem. In the Beem decision, the Division stated:
Section 121.051(7) was enacted to prohibit time served in the United States Civil Service from becoming creditable under any state retirement or social security program. The sole exception provided for continued participation in TRS by those cooperative extension personnel participating in that system by virtue of § 238.13. Allowing FRS credit for this service would defeat the specific prohibition against the use of time employed in the civil service under any state retirement program other than TRS. Section 121.051(7), Florida Statutes, prohibits petitioner from receiving credit under FRS for the time during which he held an appointment by the United States Department of Agriculture and was governed by the requirements of the Federal Civil Service.
That decision was upheld in Beem v. Division of Retirement of Department of Administration, 379 So.2d 214 (Fla. 2d DCA 1979).
In our view, § 238.13(2) merely allows employees hired before 1961 to maintain their memberships in TRS. Section 121.051(7) allows only one type of dual participation in CSRS and a state retirement program. That statute allows only those employees who were allowed pursuant to § 238.13(2) to continue to participate in TRS while contributing to CSRS to remain in that program. No statutory authority allows any broader participation.
Appellant also contends that prior to the enactment of § 121.051(7) he could have transferred from TRS to FRS and therefore he had acquired a vested contractual right to make that transfer and that right could not subsequently be revoked by the legislature; that § 121.051(7) relied upon by ap-pellee to prohibit his transfer in 1978 impairs his constitutional rights under Article I, § 2, Florida Constitution. We find this contention to be without merit. The only vested right appellant acquired in the absence of such a previous transfer to FRS [1] was to retire under TRS as that is the system to which he was making contributions. Since appellant did not transfer during the period when he contends he could have done so, he acquired no rights under FRS and none of his rights under TRS were impaired.
AFFIRMED.
SHIVERS, J., and MASON, ERNEST E. (Retired), Associate Judge, concur.

. We make no ruling here as to whether or not appellant could have made such a transfer pri- or to the enactment of § 121.051(7).